IN THE CIRCUIT COURT THE 13th JUDICIAL CIRCUIT
GRUNDY COUNTY, ILLINOIS
LAW DIVISION

| | |
|---|---|
| STEVEN GEAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13 . L . 13 |
| | ) |
| GRUNDY COUNTY, IL; and COAL | ) |
| CITY, IL; and DEPUTY DARREN | ) |
| ROACH, ID # G34, in his official and | ) |
| individual capacities; and DEPUTY JOE | ) |
| BURKE, ID # G39, in his official and | ) |
| individual capacities; and OFFICER | ) |
| DAVID KASHER, in his official and | ) |
| individual capacities, | ) |
| | ) |
| Defendants. | ) |

This Is A True Copy Of An Original
Filed Herein On FEB 2 2 2013
KAREN E. SLATTERY, Circuit Clerk

## COMPLAINT AT LAW

### JURISDICTION

1. Jurisdiction in this Court is proper as the parties reside, conduct business, and all occurrences complained of occurred, within the borders of Grundy County, IL and arises under the Illinois Code of Civil Procedure, the Illinois Supreme Court Rules and Illinois common law.

### PARTIES

2. Plaintiff Steven Gear ["Gear"] is a natural person residing in Diamond, Grundy County, Illinois, United States of America.

3. Defendant Deputy Darren Roach, ID # G34 ["Roach"] is a natural person who is employed as a deputy with Grundy County, Illinois, his personal address is unknown to Plaintiff at this time.

1

4. Defendant Deputy Joe Burke, ID # G39 ["Burke"] is a natural person who is employed as a deputy with Grundy County, Illinois, his personal address is unknown to Plaintiff at this time.

5. Defendant Officer David Kasher ["Kasher"] is a natural person who is employed as a police officer with Coal City, Illinois, his personal address is unknown to Plaintiffs at this time.

6. Defendant Grundy County, IL ["Grundy County"] is a unit of local government, organized under the laws of the State of Illinois. Its principal offices are located at 1320 Union Street, Morris, Grundy County, Illinois, United States of America. It is responsible for the policies, procedures and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was the public employer of Roach and Burke at all times relevant to this complaint.

7. Defendant Coal City, IL ["Coal City"] is a municipal corporation, organized under the laws of the State of Illinois. Its principal offices are located at 515 South Broadway, Coal City, Grundy County, Illinois, United States of America. It is responsible for the policies, procedures and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was the public employer of Kasher at all times relevant to this complaint.

## FACTS

8. On or about February 24, 2012, at approximately 12:30 AM, Plaintiff was at his residence, at 465 North School Street, Diamond, IL, and was the victim of a Domestic Battery in which his wife, Jacqueline Gear, struck him in the left side of his head. Plaintiff immediately telephoned the police and reported the incident. Shortly thereafter, Roach, Burke and Kasher, all

2

three being peace officers on duty for their respective employers, all responded to Plaintiff's residence in response to Plaintiff's complaint.

9. Roach, Burke and Kasher were all in full uniform that contained badges and insignia that readily identified them as law enforcement officers of their respective agencies. Roach, Burke and Kasher were visibly equipped with law enforcement items including firearms.

10. Upon arrival, Roach, Burke and Kasher entered the residence and spoke to Plaintiff who confirmed he was struck by his wife three times on the left side of his head. Roach, Burk and Kasher noticed redness to Plaintiff's left ear. The Plaintiff was visibly agitated and upset. Roach ordered the Plaintiff to sit down on his couch in the living room and remain seated there and the Plaintiff complied with the order.

11. Plaintiff's mother, Roxanne Gear, who was present with her husband, Plaintiff's father, told the deputies and the officer that Plaintiff suffered from attention deficit-hyperactivity disorder, obsessive-compulsive disorder, Tourette syndrome and other medical conditions. Roxanne Gear further told the deputies and officer that because of these medical conditions the Plaintiff, particularly in stressfully situations, could become: easily agitated and excitable, had difficulty properly expressing himself and communicating his thoughts, and could easily become extremely anxious and frustrated. Roxanne Gear further explained that her husband and she could keep the Plaintiff calm and that Plaintiff would not cause any problems despite his apparent agitated state.

12. Jacqueline Gear admitted to Burke that she grabbed Plaintiff's phone away from him, while he was talking on the phone to a friend, threw the phone away and then unjustifiably struck Plaintiff on the left side of his head. Jacqueline Gear told Roach that the Plaintiff did not make physical contact with any person at any time. Roach then arrested Jacqueline Gear for Domestic

3

Battery, removed her from the residence, restrained her in handcuffs and placed her into a police vehicle.

13. After the arrest of Jacqueline Gear, Roach, without justification, lawful purpose or invitation, then returned and re-entered Plaintiff's residence. Roach then again, in an angry and threatening tone, ordered Plaintiff to sit down on the couch and remain there and again Plaintiff complied. Roach then briefly searched around the residence.

14. Plaintiff remained seated on his couch as previously ordered while Roach completed his search of Plaintiff's residence. After the search, Roach, Burke and Kasher were standing approximately ten feet away from the Plaintiff and there was a coffee table between them and Plaintiff when Roach, with no lawful purpose or justification and in an angry and threatening tone, told the Plaintiff that Roach was going to call the Illinois Department of Child and Family Services and that Plaintiff's children would be taken away immediately.

15. In response to Roach's threat, Plaintiff stood up from his couch and pleaded with Roach not to take his children away from him. Although Plaintiff did not threaten anyone, and did not make any physical contact with anyone, and did not attempt to make physical contact with anyone, Roach, Burke and Kasher: reached over the coffee table, grabbed Plaintiff by both of his wrists and his head, slammed him face down upon the coffee and restrained him in handcuffs.

16. Roach told Plaintiff that he was being arrested for Obstructing a Police Officer and removed Plaintiff from his residence and placed him in the rear seat of a caged and locked police vehicle. Roach then released Jacqueline Gear from custody without arrest for any charge.

17. Plaintiff was then driven in the police vehicle to the Grundy County jail where he was physically searched, his photograph was taken in the form of a "mug shot" and he was fingerprinted. Plaintiff remained at the jail and was forced to comply and pay a $1500.00 bond

4

with a 10% payment to apply. Plaintiff's identification, photograph, arrest and charge was submitted to several law enforcement and government agencies to be kept as a "criminal record". Without any lawful purpose, Roach then had the jail make a condition of Plaintiff's bond that, upon release from the jail, Plaintiff must stay away from his own residence for 24 hours. Roach did this partly because Roach felt that the Plaintiff needed to cool down and seek medical attention. Roach knew that Plaintiff needed medical attention for both his mental illness issues and physical injuries that Plaintiff suffered as a result of the arrest. Plaintiff did in fact stay away from his residence and his children for 24 hours after his release from the jail.

18. Plaintiff's likeness, identity, address and charges were published in several sources accessible via Internet and in periodicals of public circulation in the area in which Plaintiff resides. On numerous occasions, since the time of the arrest, Plaintiff has been approached by people from the community in which he resides and those people have told Plaintiff that they were aware of his arrest and charges and this has caused extreme emotional distress and embarrassment to Plaintiff.

19. Since the time of the arrest, Plaintiff has repeatedly sought employment, but has been repeatedly denied employment. The arrest and criminal charge is one of the reasons that Plaintiff has been repeatedly denied employment.

20. At his own expense, Plaintiff hired defense counsel to represent him in the criminal charge. Plaintiff was required to make no less than six public court appearances in the Grundy County Circuit Court to answer the charge.

21. On August 20, 2012, after six months of fighting the criminal charge, the Grundy County Circuit Court granted Plaintiff's motion to dismiss the criminal case for failure to state an offense and motion to quash arrest and suppress evidence. In ruling, the Court found that once Plaintiff's

5

wife was arrested and removed from the residence, no law enforcement official had any legal authority to re-enter Plaintiff's residence, remain in Plaintiff's residence, or order Plaintiff to do anything. Furthermore, nothing in Plaintiff's conduct that was elicited in the factual hearings on the motions and nothing alleged in the complaint arose to the level of a criminal offense that Plaintiff could possibly have been arrested for. The criminal charge was then immediately dismissed.

## COUNT I

### VIOLATIONS OF 42 U.S.C. 1983: ARREST AGAINST ROACH

22. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

23. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. sec. 1983.

24. Acting under color of law, Defendants intentionally denied Plaintiff's rights, privileges or immunities secured by the United States Constitution, Federal law, The Constitution of the State of Illinois, Illinois common law and the Illinois Supreme Court Rules, to wit:

(a) by depriving Plaintiff of his liberty without due process of law, by taking him into physical custody and holding him there against his will;

(b) by making an unreasonable search and seizure of their person;

(c) by requiring him to post a bond to secure his freedom above and beyond that normally required by law;

(d) by refusing or neglecting to prevent such deprivations and denials to Plaintiff, thereby depriving Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth,

6

Fifth and Fourteenth Amendments of the United States Constitution, Article I, Sections 1, 2 and 6 of the Constitution of the State of Illinois, the Illinois Supreme Court Rules and Illinois common law.

25. All Defendants are liable under the doctrine of respondeat superior.

26. All the actions of Defendant Roach were knowing and intentional and or at the direction of Defendant Grundy County.

27. Defendant Grundy County negligently trained Defendant Roach.

28. Defendant Grundy County negligently supervised Defendant Roach.

29. As a result of the actions of Defendants leading to their unlawful and malicious and or false arrest, Plaintiff was deprived of his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for his false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT II

### VIOLATIONS OF 42 U.S.C. 1983: ARREST AGAINST BURKE

30. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

31. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. sec. 1983.

32. Acting under color of law, Defendants intentionally denied Plaintiff's rights, privileges or immunities secured by the United States Constitution, Federal law, The Constitution of the State of Illinois, Illinois common law and the Illinois Supreme Court Rules, to wit:

(a) by depriving Plaintiff of his liberty without due process of law, by taking him into physical custody and holding him there against his will;

(e) by making an unreasonable search and seizure of their person;

(c) by requiring him to post a bond to secure his freedom above and beyond that normally required by law;

(d) by refusing or neglecting to prevent such deprivations and denials to Plaintiff, thereby depriving Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, Article I, Sections 1, 2 and 6 of the Constitution of the State of Illinois, the Illinois Supreme Court Rules and Illinois common law.

33. All Defendants are liable under the doctrine of respondeat superior.

34. All the actions of Defendant Burke were knowing and intentional and or at the direction of Defendant Grundy County.

35. Defendant Grundy County negligently trained Defendant Burke.

36. Defendant Grundy County negligently supervised Defendant Burke.

37. As a result of the actions of Defendants leading to their unlawful and malicious and or false arrest, Plaintiff was deprived of his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States 42 U.S.C. sec. 1983.

8

WHEREFORE, Plaintiff demands judgment for his false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT III

## VIOLATIONS OF 42 U.S.C. 1983: ARREST AGAINST GRUNDY COUNTY

38. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 37 above with the same force and effect as if herein set forth.

39. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. sec. 1983.

40. Acting under color of law, Defendants intentionally denied Plaintiff's rights, privileges or immunities secured by the United States Constitution, Federal law, The Constitution of the State of Illinois, Illinois common law and the Illinois Supreme Court Rules, to wit:

   (a) by depriving Plaintiff of his liberty without due process of law, by taking him into physical custody and holding him there against his will;

   (b) by making an unreasonable search and seizure of their person;

   (c) by requiring him to post a bond to secure his freedom above and beyond that normally required by law;

   (d) by refusing or neglecting to prevent such deprivations and denials to Plaintiff, thereby depriving Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, Article I, Sections 1, 2 and 6 of the Constitution of the State of Illinois, the Illinois Supreme Court Rules and Illinois common law.

41. All Defendants are liable under the doctrine of respondeat superior.

42. All the actions of Defendants Roach and or Burke were knowing and intentional and or at the direction of Defendant Grundy County.

43. Defendant Grundy County negligently trained Defendants Roach and or Burke.

44. Defendant Grundy County negligently supervised Defendants Roach and or Burke.

45. As a result of the actions of Defendants leading to their unlawful and malicious and or false arrest, Plaintiff was deprived of his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for his false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT IV

### VIOLATIONS OF 42 U.S.C. 1983: ARREST AGAINST KASHER

46. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

47. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. sec. 1983.

48. Acting under color of law, Defendants intentionally denied Plaintiff's rights, privileges or immunities secured by the United States Constitution, Federal law, The Constitution of the State of Illinois, Illinois common law and the Illinois Supreme Court Rules, to wit:

10

(a) by depriving Plaintiff of his liberty without due process of law, by taking him into physical custody and holding him there against his will;

(b) by making an unreasonable search and seizure of their person;

(c) by requiring him to post a bond to secure his freedom above and beyond that normally required by law;

(d) by refusing or neglecting to prevent such deprivations and denials to Plaintiff, thereby depriving Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, Article I, Sections 1, 2 and 6 of the Constitution of the State of Illinois, the Illinois Supreme Court Rules and Illinois common law.

49. All Defendants are liable under the doctrine of respondeat superior.

50. All the actions of Defendant Kasher were knowing and intentional and or at the direction of Coal City.

51. Defendant Coal City negligently trained Defendant Kasher.

52. Defendant Coal City negligently supervised Defendant Kasher.

53. As a result of the actions of Defendants leading to their unlawful and malicious and or false arrest, Plaintiff was deprived of his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for his false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT V

## VIOLATIONS OF 42 U.S.C. 1983: ARREST AGAINST COAL CITY

54. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 and 46 through 53 above with the same force and effect as if herein set forth.

55. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. sec. 1983.

56. Acting under color of law, Defendants intentionally denied Plaintiff's rights, privileges or immunities secured by the United States Constitution, Federal law, The Constitution of the State of Illinois, Illinois common law and the Illinois Supreme Court Rules, to wit:

(a) by depriving Plaintiff of his liberty without due process of law, by taking him into physical custody and holding him there against his will;

(b) by making an unreasonable search and seizure of their person;

(c) by requiring him to post a bond to secure his freedom above and beyond that normally required by law;

(d) by refusing or neglecting to prevent such deprivations and denials to Plaintiff, thereby depriving Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, Article I, Sections 1, 2 and 6 of the Constitution of the State of Illinois, the Illinois Supreme Court Rules and Illinois common law.

57. All Defendants are liable under the doctrine of respondeat superior.

12

58. All the actions of Defendant Kasher were knowing and intentional and or at the direction of Coal City.

59. Defendant Coal City negligently trained Defendant Kasher.

60. Defendant Coal City negligently supervised Defendant Kasher.

61. As a result of the actions of Defendants leading to their unlawful and malicious and or false arrest, Plaintiff was deprived of his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for his false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT VI

### VIOLATIONS OF 42 U.S.C. 1983: DETENTION AND CONFINEMENT

### AGAINST ROACH

62. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 45 above with the same force and effect as if herein set forth.

63. As a result of the actions of Defendants leading to their unlawful and malicious detention and confinement, Plaintiff was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States 42 U.S.C. sec. 1983.

64. All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT VII

### VIOLATIONS OF 42 U.S.C. 1983: DETENTION AND CONFINEMENT

### AGAINST BURKE

65. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 45 above with the same force and effect as if herein set forth.

66. As a result of the actions of Defendants leading to their unlawful and malicious detention and confinement, Plaintiff was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States 42 U.S.C. sec. 1983.

67. All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

14

## COUNT VIII

## VIOLATIONS OF 42 U.S.C. 1983: DETENTION AND CONFINEMENT

## AGAINST GRUNDY COUNTY

68. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 45 above with the same force and effect as if herein set forth.

69. As a result of the actions of Defendants leading to their unlawful and malicious detention and confinement, Plaintiff was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States 42 U.S.C. sec. 1983.

70. All Defendants are liable under the doctrine of respondeat superior.


WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.


## COUNT IX

## VIOLATIONS OF 42 U.S.C. 1983: DETENTION AND CONFINEMENT

## AGAINST KASHER

71. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 and 46 through 53 above with the same force and effect as if herein set forth.

15

72. As a result of the actions of Defendants leading to their unlawful and malicious detention and confinement, Plaintiff was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States 42 U.S.C. sec. 1983.

73. All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT X

## VIOLATIONS OF 42 U.S.C. 1983: DETENTION AND CONFINEMENT

## AGAINST COAL CITY

74. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 and 46 through 61 above with the same force and effect as if herein set forth.

75. As a result of the actions of Defendants leading to their unlawful and malicious detention and confinement, Plaintiff was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States 42 U.S.C. sec. 1983.

76. All Defendants are liable under the doctrine of respondeat superior.

16

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XI

### MALICIOUS PROSECUTION AGAINST ROACH

77. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

78. Defendants instituted a criminal process against Plaintiff with malice, in particular, Defendants initiated the process for the charge of obstructing a peace officer in Grundy County Illinois Circuit Court, and required Plaintiff to post a bond higher and with extraordinary terms and conditions than that which is normally required by law.

79. During the entire prosecution, the Defendants were in possession of evidence, particularly Roach's own written narrative report, that clearly shows that no obstructing a peace officer ever occurred.

80. The charge of obstructing a peace officer was not based upon probable cause, that is, the state of facts in the mind of any party to the proceedings would not lead a person of ordinary caution to believe, or entertain an honest or strong suspicion that Plaintiff was guilty of obstructing a peace officer.

81. The criminal proceeding terminated in favor of the Plaintiff when the criminal charge was dismissed by the Circuit Court after hearing on the Plaintiff's motions to dismiss for failure to state an offense and to quash arrest and suppress evidence.

82. All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XII

## MALICIOUS PROSECUTION AGAINST BURKE

83. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

84. Defendants instituted a criminal process against Plaintiff with malice, in particular, Defendants initiated the process for the charge of obstructing a peace officer in Grundy County Illinois Circuit Court, and required Plaintiff to post a bond higher and with extraordinary terms and conditions than that which is normally required by law.

85. During the entire prosecution, the Defendants were in possession of evidence, particularly Roach's own written narrative report, that clearly shows that no obstructing a peace officer ever occurred.

86. The charge of obstructing a peace officer was not based upon probable cause, that is, the state of facts in the mind of any party to the proceedings would not lead a person of ordinary caution to believe, or entertain an honest or strong suspicion that Plaintiff was guilty of obstructing a peace officer.

18

87. The criminal proceeding terminated in favor of the Plaintiff when the criminal charge was dismissed by the Circuit Court after hearing on the Plaintiff's motions to dismiss for failure to state an offense and to quash arrest and suppress evidence.

88. All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XIII

### MALICIOUS PROSECUTION AGAINST GRUNDY COUNTY

89. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

90. Defendants instituted a criminal process against Plaintiff with malice, in particular, Defendants initiated the process for the charge of obstructing a peace officer in Grundy County Illinois Circuit Court, and required Plaintiff to post a bond higher and with extraordinary terms and conditions than that which is normally required by law.

91. During the entire prosecution, the Defendants were in possession of evidence, particularly Roach's own written narrative report, that clearly shows that no obstructing a peace officer ever occurred.

92. The charge of obstructing a peace officer was not based upon probable cause, that is, the state of facts in the mind of any party to the proceedings would not lead a person of ordinary caution to believe, or entertain an honest or strong suspicion that Plaintiff was guilty of obstructing a peace officer.

19

93. The criminal proceeding terminated in favor of the Plaintiff when the criminal charge was dismissed by the Circuit Court after hearing on the Plaintiff's motions to dismiss for failure to state an offense and to quash arrest and suppress evidence.

94. All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XIV

### MALICIOUS PROSECUTION AGAINST KASHER

95. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

96. Defendants instituted a criminal process against Plaintiff with malice, in particular, Defendants initiated the process for the charge of obstructing a peace officer in Grundy County Illinois Circuit Court, and required Plaintiff to post a bond higher and with extraordinary terms and conditions than that which is normally required by law.

97. During the entire prosecution, the Defendants were in possession of evidence, particularly Roach's own written narrative report, that clearly shows that no obstructing a peace officer ever occurred.

98. The charge of obstructing a peace officer was not based upon probable cause, that is, the state of facts in the mind of any party to the proceedings would not lead a person of ordinary caution to believe, or entertain an honest or strong suspicion that Plaintiff was guilty of obstructing a peace officer.

20

99. The criminal proceeding terminated in favor of the Plaintiff when the criminal charge was dismissed by the Circuit Court after hearing on the Plaintiff's motions to dismiss for failure to state an offense and to quash arrest and suppress evidence.

100. All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XV

### MALICIOUS PROSECUTION AGAINST COAL CITY

101. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

102. Defendants instituted a criminal process against Plaintiff with malice, in particular, Defendants initiated the process for the charge of obstructing a peace officer in Grundy County Illinois Circuit Court, and required Plaintiff to post a bond higher and with extraordinary terms and conditions than that which is normally required by law.

103. During the entire prosecution, the Defendants were in possession of evidence, particularly Roach's own written narrative report, that clearly shows that no obstructing a peace officer ever occurred.

104. The charge of obstructing a peace officer was not based upon probable cause, that is, the state of facts in the mind of any party to the proceedings would not lead a person of ordinary caution to believe, or entertain an honest or strong suspicion that Plaintiff was guilty of obstructing a peace officer.

21

105. The criminal proceeding terminated in favor of the Plaintiff when the criminal charge was dismissed by the Circuit Court after hearing on the Plaintiff's motions to dismiss for failure to state an offense and to quash arrest and suppress evidence.

106. All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XVI

### MALICIOUS ABUSE OF PROCESS AGAINST ROACH

107. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

108. Defendants maliciously used a legal process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose for the process employed, to wit, the harassment of Plaintiff.

109. All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XVII

### MALICIOUS ABUSE OF PROCESS AGAINST BURKE

110.    Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

111.    Defendants maliciously used a legal process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose for the process employed, to wit, the harassment of Plaintiff.

112.    All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XVIII

### MALICIOUS ABUSE OF PROCESS AGAINST GRUNDY COUNTY

113.    Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

114.    Defendants maliciously used a legal process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose for the process employed, to wit, the harassment of Plaintiff.

115.    All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XIX

### MALICIOUS ABUSE OF PROCESS AGAINST KASHER

116.     Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

117.     Defendants maliciously used a legal process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose for the process employed, to wit, the harassment of Plaintiff.

118.     All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XX

### MALICIOUS ABUSE OF PROCESS AGAINST COAL CITY

119.     Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

120.     Defendants maliciously used a legal process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose for the process employed, to wit, the harassment of Plaintiff.

24

121.    All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XXI

## FALSE ARREST AND IMPRISONMENT AGAINST ROACH

122.    Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

123.    At all times relevant herein:

(a) the Defendants acted with the intention of confining Plaintiff within fixed boundaries,

(b) the act(s) directly or indirectly resulted in confinement, and

(c) Plaintiff was conscious of the confinement.

124.    Defendants imposed by force or threat of force an unlawful restraint upon Plaintiff's freedom of movement, to wit, by arresting and handcuffing Plaintiff's hands behind his back, transporting him to the Grundy County Jail where he was further detained.

125.    As a direct and proximate result of the conduct of Defendants, Plaintiff suffered harm and damages including but not limited to the aforesaid damages.

126.    All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XXII

### FALSE ARREST AND IMPRISONMENT AGAINST BURKE

127.     Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

128.     At all times relevant herein:

(a) the Defendants acted with the intention of confining Plaintiff within fixed boundaries,

(b) the act(s) directly or indirectly resulted in confinement, and

(c) Plaintiff was conscious of the confinement.

129.     Defendants imposed by force or threat of force an unlawful restraint upon Plaintiff's freedom of movement, to wit, by arresting and handcuffing Plaintiff's hands behind his back, transporting him to the Grundy County Jail where he was further detained.

130.     As a direct and proximate result of the conduct of Defendants, Plaintiff suffered harm and damages including but not limited to the aforesaid damages.

131.     All Defendants are liable under the doctrine of respondeat superior.


WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.


## COUNT XXIII

### FALSE ARREST AND IMPRISONMENT AGAINST GRUNDY COUNTY

132.     Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

133.    At all times relevant herein:

(a) the Defendants acted with the intention of confining Plaintiff within fixed boundaries,

(b) the act(s) directly or indirectly resulted in confinement, and

(c) Plaintiff was conscious of the confinement.

134.    Defendants imposed by force or threat of force an unlawful restraint upon Plaintiff's freedom of movement, to wit, by arresting and handcuffing Plaintiff's hands behind his back, transporting him to the Grundy County Jail where he was further detained.

135.    As a direct and proximate result of the conduct of Defendants, Plaintiff suffered harm and damages including but not limited to the aforesaid damages.

136.    All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XXIV

### FALSE ARREST AND IMPRISONMENT AGAINST KASHER

137.    Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

138.    At all times relevant herein:

(a) the Defendants acted with the intention of confining Plaintiff within fixed boundaries,

(b) the act(s) directly or indirectly resulted in confinement, and

(c) Plaintiff was conscious of the confinement.

139. Defendants imposed by force or threat of force an unlawful restraint upon Plaintiff's freedom of movement, to wit, by arresting and handcuffing Plaintiff's hands behind his back, transporting him to the Grundy County Jail where he was further detained.

140. As a direct and proximate result of the conduct of Defendants, Plaintiff suffered harm and damages including but not limited to the aforesaid damages.

141. All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XXV

### FALSE ARREST AND IMPRISONMENT AGAINST COAL CITY

142. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

143. At all times relevant herein:

(a) the Defendants acted with the intention of confining Plaintiff within fixed boundaries,

(b) the act(s) directly or indirectly resulted in confinement, and

(c) Plaintiff was conscious of the confinement.

144. Defendants imposed by force or threat of force an unlawful restraint upon Plaintiff's freedom of movement, to wit, by arresting and handcuffing Plaintiff's hands behind his back, transporting him to the Grundy County Jail where he was further detained.

145. As a direct and proximate result of the conduct of Defendants, Plaintiff suffered harm and damages including but not limited to the aforesaid damages.

28

146.    All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XXVI

### ASSAULT AGAINST ROACH

147.    Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

148.    Plaintiff is a reasonable person.

149.    Defendant Roach intentionally created within Plaintiff, an apprehension of immediate physical harm by means of an overt gesture, to wit, reaching for him, grabbing him, restraining him with his arms handcuffed behind his back, restraining him on the table, restraining him in his or another police vehicle and later at the Grundy County Jail.

150.    Any reasonable person would also become apprehensive in the face of the Defendant's threatening conduct.

151.    All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XXVII

### ASSAULT AGAINST BURKE

152.     Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

153.     Plaintiff is a reasonable person.

154.     Defendant Burke intentionally created within Plaintiff, an apprehension of immediate physical harm by means of an overt gesture, to wit, reaching for him, grabbing him, restraining him with his arms handcuffed behind his back, restraining him on the table, restraining him in his or another police vehicle and later at the Grundy County Jail.

155.     Any reasonable person would also become apprehensive in the face of the Defendant's threatening conduct.

156.     All Defendants are liable under the doctrine of respondeat superior.


WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XXVIII

### ASSAULT AGAINST GRUNDY COUNTY

157.     Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

158.     Plaintiff is a reasonable person.

159.     Defendants Roach and or Burke intentionally created within Plaintiff, an apprehension of immediate physical harm by means of an overt gesture, to wit, reaching for him,

30

grabbing him, restraining him with his arms handcuffed behind his back, restraining him on the table, restraining him in his or another police vehicle and later at the Grundy County Jail.

160. Any reasonable person would also become apprehensive in the face of the Defendant's threatening conduct.

161. All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XXIX

### ASSAULT AGAINST KASHER

162. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

163. Plaintiff is a reasonable person.

164. Defendant Kasher intentionally created within Plaintiff, an apprehension of immediate physical harm by means of an overt gesture, to wit, reaching for him, grabbing him, restraining him with his arms handcuffed behind his back, restraining him on the table, restraining him in his or another police vehicle and later at the Grundy County Jail.

165. Any reasonable person would also become apprehensive in the face of the Defendant's threatening conduct.

166. All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XXX

### ASSAULT AGAINST COAL CITY

167.    Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

168.    Plaintiff is a reasonable person.

169.    Defendant Kasher intentionally created within Plaintiff, an apprehension of immediate physical harm by means of an overt gesture, to wit, reaching for him, grabbing him, restraining him with his arms handcuffed behind his back, restraining him on the table, restraining him in his or another police vehicle and later at the Grundy County Jail.

170.    Any reasonable person would also become apprehensive in the face of the Defendant's threatening conduct.

171.    All Defendants are liable under the doctrine of respondeat superior.


WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

32

## COUNT XXXI

### BATTERY AGAINST ROACH

172.     Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

173.     Without the consent of Plaintiff, Defendant Roach intentionally, harmfully, and offensively touched Plaintiff by:

(a) grabbing him, and or

(b) Slamming him on a table, and or

(c) Pinning him on a table, and or

(d) handcuffing him, and or

(e) placing him in a police vehicle, and or

(f) restraining him at the Grundy County Jail.

174.     All Defendants are liable under the doctrine of respondeat superior.


WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XXXII

### BATTERY AGAINST BURKE

175.     Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

176.     Without the consent of Plaintiff, Defendant Burke intentionally, harmfully, and offensively touched Plaintiff by:

33

(a) grabbing him, and or

(b) Slamming him on a table, and or

(c) Pinning him on a table, and or

(d) handcuffing him, and or

(e) placing him in a police vehicle, and or

(f) restraining him at the Grundy County Jail.

177.     All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XXXIII

### BATTERY AGAINST GRUNDY COUNTY

178.     Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

179.     Without the consent of Plaintiff, Defendants Roach and or Burke intentionally, harmfully, and offensively touched Plaintiff by:

(a) grabbing him, and or

(b) Slamming him on a table, and or

(c) Pinning him on a table, and or

(d) handcuffing him, and or

(e) placing him in a police vehicle, and or

(f) restraining him at the Grundy County Jail.

34

180.    All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XXXIV

### BATTERY AGAINST KASHER

181.    Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

182.    Without the consent of Plaintiff, Defendant Kasher intentionally, harmfully, and offensively touched Plaintiff by:

(a) grabbing him, and or

(b) Slamming him on a table, and or

(c) Pinning him on a table, and or

(d) handcuffing him, and or

(e) placing him in a police vehicle, and or

(f) restraining him at the Grundy County Jail.

183.    All Defendants are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XXXV

### BATTERY AGAINST COAL CITY

184.     Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

185.     Without the consent of Plaintiff, Defendant Kasher intentionally, harmfully, and offensively touched Plaintiff by:

(a) grabbing him, and or

(b) Slamming him on a table, and or

(c) Pinning him on a table, and or

(d) handcuffing him, and or

(e) placing him in a police vehicle, and or

(f) restraining him at the Grundy County Jail.

186.     All Defendants are liable under the doctrine of respondeat superior.


WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.


## COUNT XXXVI

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ROACH

187.     Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

36

188. Defendants intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously prosecuting Plaintiff, or by abusing the lawful process by unlawful purpose, or by violating Plaintiff's constitutional rights, or by falsely arresting and or imprisoning Plaintiff, or knew or should have known that the emotional distress was the likely result of their conduct.

189. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

190. The actions of Defendants were the cause of Plaintiff's distress.

191. Plaintiff is a reasonable person.

192. The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable person could be expected to endure.

193. As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

194. All Defendants are liable under the doctrine of respondeat superior.

195. As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, sever emotional trauma, embarrassment and humiliation.


WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XXXVII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST BURKE

196. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

197. Defendants intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously prosecuting Plaintiff, or by abusing the lawful process by unlawful purpose, or by violating Plaintiff's constitutional rights, or by falsely arresting and or imprisoning Plaintiff, or knew or should have known that the emotional distress was the likely result of their conduct.

198. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

199. The actions of Defendants were the cause of Plaintiff's distress.

200. Plaintiff is a reasonable person.

201. The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable person could be expected to endure.

202. As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

203. All Defendants are liable under the doctrine of respondeat superior.

204. As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, sever emotional trauma, embarrassment and humiliation.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XXXVIII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST

### GRUNDY COUNTY

205. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

206. Defendants intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously prosecuting Plaintiff, or by abusing the lawful process by unlawful purpose, or by violating Plaintiff's constitutional rights, or by falsely arresting and or imprisoning Plaintiff, or knew or should have known that the emotional distress was the likely result of their conduct.

207. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

208. The actions of Defendants were the cause of Plaintiff's distress.

209. Plaintiff is a reasonable person.

210. The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable person could be expected to endure.

211. As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

212. All Defendants are liable under the doctrine of respondeat superior.

39

213. As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, sever emotional trauma, embarrassment and humiliation.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XXXIX

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST KASHER

214. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

215. Defendants intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously prosecuting Plaintiff, or by abusing the lawful process by unlawful purpose, or by violating Plaintiff's constitutional rights, or by falsely arresting and or imprisoning Plaintiff, or knew or should have known that the emotional distress was the likely result of their conduct.

216. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

217. The actions of Defendants were the cause of Plaintiff's distress.

218. Plaintiff is a reasonable person.

219. The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable person could be expected to endure.

40

220. As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

221. All Defendants are liable under the doctrine of respondeat superior.

222. As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, sever emotional trauma, embarrassment and humiliation.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XL

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST COAL CITY

223. Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

224. Defendants intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously prosecuting Plaintiff, or by abusing the lawful process by unlawful purpose, or by violating Plaintiff's constitutional rights, or by falsely arresting and or imprisoning Plaintiff, or knew or should have known that the emotional distress was the likely result of their conduct.

225. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

226. The actions of Defendants were the cause of Plaintiff's distress.

227. Plaintiff is a reasonable person.

41

228.     The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable person could be expected to endure.

229.     As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

230.     All Defendants are liable under the doctrine of respondeat superior.

231.     As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, sever emotional trauma, embarrassment and humiliation.


WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.


## COUNT XLI

### DEFAMATION AGAINST ROACH

232.     Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

233.     Defendants knowingly made a false statement, to wit, Plaintiff committed a crime of obstructing a police officer, and placed him under arrest for that offense.

234.     Defendants made the statement with a negligent, reckless or intentional disregard for the truth in that Plaintiff never, at any time, did any criminal act.

235.     The statement was repeated in several forms including: orally to several persons, in written and electronic form to several public government agencies including, but not limited

to, the Grundy County Sheriff's Office, the Grundy County Circuit Clerk and several other public and law enforcement agencies, and to news agencies who republished the statement in their periodicals.

236.     The statement damaged the Plaintiff's reputation with persons that he was acquainted with, potential employers and the general public. In addition, the false accusation of the criminal act of obstructing a peace officer is negligence *per se*.


WHEREFORE, Plaintiff demands judgment for the defamatory statement against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.


## COUNT XLII

### DEFAMATION AGAINST BURKE

237.     Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

238.     Defendants knowingly made a false statement, to wit, Plaintiff committed a crime of obstructing a police officer, and placed him under arrest for that offense.

239.     Defendants made the statement with a negligent, reckless or intentional disregard for the truth in that Plaintiff never, at any time, did any criminal act.

240.     The statement was repeated in several forms including: orally to several persons, in written and electronic form to several public government agencies including, but not limited to, the Grundy County Sheriff's Office, the Grundy County Circuit Clerk and several other

43

public and law enforcement agencies, and to news agencies who republished the statement in their periodicals.

241.     The statement damaged the Plaintiff's reputation with persons that he was acquainted with, potential employers and the general public. In addition, the false accusation of the criminal act of obstructing a peace officer is negligence *per se*.

WHEREFORE, Plaintiff demands judgment for the defamatory statement against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

## COUNT XLIII

### DEFAMATION AGAINST GRUNDY COUNTY

242.     Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

243.     Defendants knowingly made a false statement, to wit, Plaintiff committed a crime of obstructing a police officer, and placed him under arrest for that offense.

244.     Defendants made the statement with a negligent, reckless or intentional disregard for the truth in that Plaintiff never, at any time, did any criminal act.

245.     The statement was repeated in several forms including: orally to several persons, in written and electronic form to several public government agencies including, but not limited to, the Grundy County Sheriff's Office, the Grundy County Circuit Clerk and several other

public and law enforcement agencies, and to news agencies who republished the statement in their periodicals.

246.     The statement damaged the Plaintiff's reputation with persons that he was acquainted with, potential employers and the general public. In addition, the false accusation of the criminal act of obstructing a peace officer is negligence *per se*.


WHEREFORE, Plaintiff demands judgment for the defamatory statement against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.


## COUNT XLIV

### DEFAMATION AGAINST KASHER

247.     Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

248.     Defendants knowingly made a false statement, to wit, Plaintiff committed a crime of obstructing a police officer, and placed him under arrest for that offense.

249.     Defendants made the statement with a negligent, reckless or intentional disregard for the truth in that Plaintiff never, at any time, did any criminal act.

250.     The statement was repeated in several forms including: orally to several persons, in written and electronic form to several public government agencies including, but not limited to, the Grundy County Sheriff's Office, the Grundy County Circuit Clerk and several other

45

public and law enforcement agencies, and to news agencies who republished the statement in their periodicals.

251.     The statement damaged the Plaintiff's reputation with persons that he was acquainted with, potential employers and the general public.  In addition, the false accusation of the criminal act of obstructing a peace officer is negligence *per se*.


WHEREFORE, Plaintiff demands judgment for the defamatory statement against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.


## COUNT XLV

### DEFAMATION AGAINST COAL CITY

252.     Plaintiff repeats and re-alleges and incorporates by reference the allegations of paragraphs 1 through 21 above with the same force and effect as if herein set forth.

253.     Defendants knowingly made a false statement, to wit, Plaintiff committed a crime of obstructing a police officer, and placed him under arrest for that offense.

254.     Defendants made the statement with a negligent, reckless or intentional disregard for the truth in that Plaintiff never, at any time, did any criminal act.

255.     The statement was repeated in several forms including: orally to several persons, in written and electronic form to several public government agencies including, but not limited to, the Grundy County Sheriff's Office, the Grundy County Circuit Clerk and several other

46

public and law enforcement agencies, and to news agencies who republished the statement in their periodicals.

256.     The statement damaged the Plaintiff's reputation with persons that he was acquainted with, potential employers and the general public. In addition, the false accusation of the criminal act of obstructing a peace officer is negligence *per se*.

WHEREFORE, Plaintiff demands judgment for the defamatory statement against all Defendants jointly and severally, for actual, general, special and compensatory damages, costs of suit, attorney's fees, equitable relief and any other relief deemed by the Court to be just and equitable.

<div style="margin-left: 50%;">

THE LAW OFFICE OF ATTORNEY
ANTHONY TOMKIEWICZ, P.C.

BY: _____
Anthony Tomkiewicz,
Attorney for Plaintiff

</div>

THE LAW OFFICE OF ATTORNEY
ANTHONY TOMKIEWICZ, P.C.
776 Frieder Ct.
Aurora, IL 60504
(630)340-3555
No. 6270741